IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cherrill Bennett, | ) | |
| | ) | C/A No. 2:11-0613-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Hanesbrands, Inc., Hanes Corporation, | ) | |
| Hanes Dye and Finishing Company, | ) | |
| Wal-Mart Stores, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This matter is before the court on plaintiff's motion to remand. Plaintiff initially filed suit in state court on January 24, 2011, alleging negligence, breach of warranty, strict liability in tort, and failure to warn causes of action. On March 14, 2011, defendants Hanesbrands, Inc. (Hanesbrands), and Wal-Mart Stores, Inc. (Wal-Mart), removed the case to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Two days later, plaintiff filed the instant motion to remand, claiming that the parties are not completely diverse and the amount in controversy does not exceed $75,000, exclusive of interest and costs. Defendants Hanesbrands and Wal-Mart filed a response in opposition, and plaintiff filed a reply on April 14, 2011. In her reply, plaintiff states that she filed her claim in state court "with the intention that damages in this case would not exceed the sum or value of seventy five thousand ($75,000) dollars, exclusive o[f] interest and costs, as required by 28 U.S.C. [§] 1332 . . . ." Reply 1. In an effort to correct any ambiguities found in her original complaint regarding this issue, plaintiff submitted an amended

1

complaint for the court's consideration. In addition, plaintiff states that she plans to dismiss defendants Hanes Corporation and Hanes Dye and Finishing Company from the case.

For a district court to exercise jurisdiction pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed $75,000, exclusive of interests and costs, and the parties must be completely diverse. See 28 U.S.C. § 1332(a); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In the instant case, plaintiff's original complaint alleges four causes of action. She seeks actual and punitive damages for all causes of action, but she only specifically limits the amount of damages with regard to her strict liability in tort claim, which she caps at $74,999.99. No such limitation is placed on her other claims—those are left "to be determined by the trier of fact." Compl. ¶ 39. Plaintiff's reply states that Hanesbrands and Wal-Mart (which should be Wal-Mart Stores East, L.P., and not Wal-Mart Stores, Inc.) will be the only named defendants in this case. Plaintiff admits that she is a citizen and resident of Berkeley County, South Carolina; Hanesbrands is incorporated in Maryland, with its principal place of business in North Carolina; and both Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P., are incorporated in Delaware, with their principal places of business in Arkansas. Plaintiff's original complaint does not effectively limit the amount in controversy to a dollar figure below the statutory requirement, and the parties are completely diverse. Therefore, plaintiff's motion to remand must be denied.

Plaintiff's attempt to submit an amended complaint must also fail because "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a

removal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). "And though . . . the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." Id. at 292.

For the reasons set forth above, the court **DENIES** plaintiff's motion to remand; however, should plaintiff wish to voluntarily dismiss her case without prejudice, the court would be pleased to entertain such a motion.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**April 15, 2011**
**Charleston, South Carolina**

3